UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Edward Jones,<br><br>         Plaintiff,<br><br>vs.<br><br>Daryl Morgan et al.,<br><br>         Defendants. | Case No. 2:23-cv-02100-JAD-MDC<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Pro se plaintiff Edward Jones filed an application to proceed in forma pauperis and a proposed complaint. ECF Nos. 1 and 1-1. The Court grants his IFP application. ECF No. 1. Since plaintiff is incarcerated, the Court orders plaintiff must pay the initial partial filing fee of $60.66 toward the full $350 filing fee.

I.      **Plaintiff's IFP Application**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he must pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d

1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2). Even if this action is dismissed, the prisoner must still pay the full filing fee pursuant to § 1915(b) and the monthly payments from his inmate account will continue until the balance is paid.

Plaintiff is currently incarcerated. ECF No. 1. Plaintiff filed a declaration and a certified copy of the trust fund account statement per 28 U.S.C. § 1915(a)(2). Plaintiff's average monthly balance is $65.79, and his average monthly deposits are $303.34. The institution calculated that his partial filing fee should be $60.66. The Court grants plaintiff's IFP application, and the Court orders plaintiff to pay the initial partial filing fee of $60.66. The entire $350 filing fee will remain due from plaintiff, and the institution where plaintiff is incarcerated will collect money toward the payment of the full filing fee when plaintiff's institutional account has a sufficient balance, pursuant to 28 U.S.C. §1915. The entire $350 filing fee will remain due and payable and will be collected from plaintiff's institutional account regardless of the outcome of this action.

Upon receipt of the initial partial filing fee, the court will screen plaintiff's complaint as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(a); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that § 1915(e)'s screening requirement "applies to all in forma pauperis complaints"); see also *Plaintiff v. Lever*, 2017 U.S. Dist. LEXIS 53688 at 5. If the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendant(s) and instruct the United

States Marshal Service to serve the summons and complaint. Cf. Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "before the Court will order service of process").

ACCORDINGLY,

IT IS ORDERED that Jones's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until **Friday, February 23, 2024**, to pay an initial partial filing fee in the amount of **$60.66** (toward the full $350 filing fee).

IT IS FURTHER ORDERED that the Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after Jones pays the initial filing fee of $60.66 and the Court will address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

IT IS FURTHER ORDERED that the Clerk of the Court MAIL plaintiff two copies of this Order. Plaintiff must make the necessary arrangements to have one copy of this Order attached to a check in the amount of the initial partial filing fee.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, beginning the month following plaintiff's payment of the initial partial filing fee, the Clark County Detention Center must forward payments from the account of Edward Jones (8593738) to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that if plaintiff is transferred, the Accounting Supervisor at Clark County Detention Center is directed to send a copy of this Order to the new place of incarceration and

indicate the amount that plaintiff has paid towards his filing fee so that funds may continue to be deducted from his account.

IT IS FURTHER ORDERED that the Clerk of the Court must send a copy of this Order to the Finance Division of the Clerk's Office and to the Clark County Detention Center Accounting Supervisor, 330 South Casino Center Boulevard, Las Vegas, NV 89101.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 25th day of January 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge