**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Edward Jones, | 2:23-cv-02100-JAD-MDC |
| Plaintiff(s), | |
| vs. | **Report and Recommendation** |
| Daryl Morgan et al., | |
| Defendant(s). | |

The Court ordered pro se plaintiff Edward Jones to pay an initial partial filing fee of $60.66. ECF No. 5. The Clerk's Office confirmed that payment was received. Pending before the Court is plaintiff Edward Jones's Complaint (ECF No. 1-1) and *Motion for Appointment of Counsel*. ECF No. 3. The Court screened Mr. Jones' complaint and recommends his complaint is dismissed with prejudice because he cannot maintain his alleged claims as a matter of law. This means that Mr. Jones cannot cure his claims by amending his complaint. Therefore, the Court also recommends denying Mr. Jones' motion to amend and correct his complaint (ECF No. 6). Finally, the Court recommends denying Mr. Jones's *Motion for Appointment of Counsel* (ECF No. 3) as moot.

## Discussion

Mr. Jones's filings present two questions: (1) whether his complaint states a plausible claim for relief and (2) whether his complaint presents such exceptional circumstances to warrant granting his motion to appoint counsel.

**I.   COMPLAINT**

Pending before the Court is Mr. Jones's Complaint (ECF No. 1-1). Mr. Jones brings this civil complaint under 42 U.S.C. § 1983. ECF No. 1-1 at 1. Mr. Jones lists as defendants: (1) Daryl Morgan, probation officer at Nevada Parole and Probation Department; (2) John Hoffman, homicide detective at Las Vegas Metropolitan Police Department; and (3) Matthew Gillis, homicide detective at Las Vegas Metropolitan Police Department. *Id.* at 2. Mr. Jones brings: (1) a Fourth Amendment Unreasonable Search

and Seizure claim, alleging illegal arrest and search and seizure, (2) A Fourth Amendment Unreasonable Search and Seizure claim pertaining to the search of his mail; and (3) a Fourteenth Amendment Due Process claim. ECF No. 1-1. Mr. Jones seeks compensatory relief from each named defendant. The Court also construes Mr. Jones to seek injunctive relief in the form of overturning his criminal conviction.[1]

### a. Legal Standard

Upon granting a request to proceed *in forma pauperis*, the Court must screen the complaint pursuant to 28 U.S.C. § 1915(e). "The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The Federal Rules of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirement, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Dismissal for failure to state a claim under § 1915 incorporates the same standard for failure to state a claim under Federal Rule of Civil Procedure Rule 12(b)(6). *Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012)*. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckley v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

---

[1] Although Mr. Jones does not explicitly state that he seeks to overturn his conviction, Mr. Jones does reference seeking declaratory and injunctive relief on page 6 of his complaint (ECF No. 1-1). In addition, Mr. Jones asserts that he was "illegally arrested and detained in [his] home, which led to giving an involuntary statement resulting in a charge of open murder. ECF No. 1-1 at 2.

"A document filed *pro se* is "to be liberally construed" and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, **unless** it is clear from the face of the complaint that deficiencies could not be cured through amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (emphasis added). As discussed below, Mr. Jones' claims are legally barred and he cannot cure such deficiency by amending his complaint.

### b. Whether Plaintiff States a Plausible Claim for Relief

Mr. Jones brings: (1) a Fourth Amendment Unreasonable Search and Seizure claim, alleging illegal arrest and search and seizure, (2) A Fourth Amendment Unreasonable Search and Seizure claim pertaining to the search of his mail; and (3) a Fourteenth Amendment Due Process claim. ECF No. 1-1. Again, Mr. Jones asserts all three of his claims under 42 U.S.C. § 1983.

### i. The *Heck* Doctrine Bars All Three of Plaintiff's Claims

All three of Mr. Jones's claims are barred under the *Heck* doctrine because all three of Mr. Jones's claims challenge the validity of his conviction or sentence. If a § 1983 case seeking damages alleges constitutional violations that would necessarily imply the invalidity of a conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by habeas petition, or through similar proceeding. *See Heck v Humphrey*, 512 U.S. 477, 483-87 (1994). Under *Heck*, a party who is convicted of a crime is barred from bringing suit under a § 1983 if judgment in favor of that party would necessarily imply the invalidity of conviction or sentence. *See Whitaker v. Garcetti*, 486 F.3d 572, 582 (9th Cir. 2007) (citing *Heck*, 512 U.S. at 487); *see also Szajer v. City of Los Angeles*, 632 F.3d 607, 611–12 (9th Cir. 2011) (concluding that Fourth Amendment unlawful search claim was not cognizable because a finding that there was no probable cause for the search would necessarily imply the

invalidity of plaintiffs' conviction for felony possession of a pistol). Claims or challenges to the validity or duration of confinement are matters of habeas corpus relief per 28 U.S.C. § 2254. *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

Mr. Jones brings a Fourth Amendment claim against defendants challenging his arrest and subsequent confinement, alleging that the underlying search of his home leading to his arrest was unlawful. ECF No. 1-1. Mr. Jones seeks damages for his allegedly illegal arrest and subsequent confinement under Section 1983; however, Mr. Jones cannot do this as matter of law because he is incarcerated and has not shown that his conviction has been invalidated in a separate habeas corpus proceeding. A plaintiff cannot make claims for both civil rights violations per 42 U.S.C. §1983 and for habeas corpus relief per 28 U.S.C. § 2254 in the same action. *Nettles*, 830 F.3d at 927 (reiterating that "habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"); *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Mr. Jones also alleges that the unlawful search and seizure of his mail led to new charges; however, Mr. Jones cannot bring his claim of unlawful search and seizure of his mail for the same reasons as his claim regarding the unlawful search of his home. Mr. Jones has not shown that his conviction has been invalidated in a separate habeas corpus proceeding. Therefore, Mr. Jones' Section 1983 claim for damages for both his alleged Fourth Amendment violations is legally barred.

Mr. Jones alleges that "due to no procedures required by law being followed, defendants violated the 14th Amendment." ECF No. 1-1 at 5. The Court construes Mr. Jones to mean that defendants violated his Fourteenth Amendment Procedural Due Process rights. "To state a Fourteenth Amendment due

process claim, a plaintiff must adequately allege that he was denied a specified liberty interest and that he was deprived of that liberty interest without the constitutionally required procedures." *Holmes v. Lab'y Corp. of Am.*, 2023 U.S. Dist. LEXIS 200920, at 6 (D. Nev. April 7, 2023) (citing *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011)). Mr. Jones does allege that his liberty interest (his freedom) was deprived and seemingly states a colorable due process claim.  But Mr. Jones' Fourteenth Amendment claim also challenges his conviction and confinement, which may be proper for a separate habeas corpus action, but is not proper for Mr. Jones' Section 1983 claim before this Court because of the *Heck* doctrine. *See Heck v Humphrey*, 512 U.S. at 483-87 (a litigant cannot maintain a Section 1983 case for damages from alleged constitutional violations if the litigant's underlying conviction has not been vacated by separate habeas petition or similar process). Therefore, Mr. Jones' Section 1983 claim for damages from alleged Fourteenth Amendment violations is legally barred.

### ii.  Amendment Would be Futile

Mr. Jones also filed a *Motion for Copy of Civil Complaint* (ECF No. 6). The Court liberally construes the motion to be a Motion to Amend Complaint. The Court cannot grant Mr. Jones leave to amend his claim because he and cannot cure such deficiency with amendment.

Mr. Jones mentions that he was "unable to obtain copies for [himself] of the entire civil claim." ECF No. 6 at 1. However, Mr. Jones also indicates that his complaint contained an error in claim one. ECF No. 6 at 2. He states that the complaint stated Metro Police transported him to Metro Headquarters. *Id.* at 1. Mr. Jones seeks to correct the complaint to show it was the Department of Parole and Probation that transported him. *Id.* at 2. He also seeks to add Officer R. Jacobs of the Department of Parole and Probation as a defendant. A party may amend its pleading as a matter of course no later than 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). "[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Plaintiff*,

621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). Although Mr. Jones may amend his complaint as a matter of course, the Court finds that this amendment is futile and denies his motion (ECF No. 6).  Mr. Jones' proposed amendments/corrections do not, and cannot, cure the deficiencies of his complaint (ECF No. 1-1), which the Court screened above. Mr. Jones' proposed amendment to reflect the correct defendants does not change the application of the *Heck* doctrine that bars Mr. Jones's amended claims. In addition to the *Heck* doctrine, Mr. Jones' claims against the proposed new parole and probation officer defendants are also likely barred by the officer's immunity.  *See Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (Parole officials "may be accorded one degree of immunity for one type of activity and a different degree for a discrete function."). In any event, the *Heck* doctrine would bar Mr. Jones' proposed amended complaint.

## II. MOTION FOR APPOINTMENT OF COUNSEL

Mr. Jones requested the Court to appoint counsel (ECF No. 3) for his civil complaint (ECF No. 1-1). Civil litigants do not have a Sixth Amendment right to appointed counsel. *Marks v. Nevada*, 2022 U.S. Dist. LEXIS 17711 at 3 (D. Nev. Feb. 1, 2022) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). While federal courts are empowered to request an attorney to represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1), the court can only grant such requests under extraordinary circumstances. *United States v. 30.64 Acres of Land,* 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986). A finding of such exceptional circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015. 1017 (9th Cir. 1991), citing *Wilborn*, *supra*, 789 F.2d at 1331. Here, Mr. Jones's claims are currently recommended to be dismissed

with prejudice. Since Mr. Jones's claims should be dismissed with prejudice, the Court denies his motion for appointment of counsel moot.

ACCORDINGLY,

**IT IS RECOMMENDED that**:

1. Plaintiff's Complaint (ECF No. 1-1) be DISMISSED WITH PREJUDICE.

2. Plaintiff's *Motion for Copy of Civil Complaint* (ECF No. 6), which the Court liberally construes to be a Motion to Amend Complaint, be DENIED.

3. Plaintiff's *Motion to Appoint Counsel* (ECF No. 3) be DENIED as MOOT.

DATED this 11th day of March 2024.

# NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address.

The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge