**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Edward Jones,

     Plaintiff

v.

Daryl Morgan et al.,

     Defendants

Case No.: 2:23-cv-02100-JAD-MDC

**Order Adopting Report and Recommendation and Dismissing Case**

[ECF Nos. 3, 6, 7]

Pro se plaintiff and Clark County Detention Center detainee Edward Jones brings this civil-rights action alleging a host of constitutional violations preceding and following his arrest for murder.  The magistrate judge has screened Jones's complaint and recommends it be dismissed with prejudice "because he cannot maintain his alleged claims as a matter of law."[1] The problem for Jones, as the magistrate identifies it, is that all of his claims are barred by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1944).  That case holds that no civil-rights claim seeking damages under 42 U.S.C. § 1983, which implies the invalidity of a conviction or confinement, can proceed unless the prisoner can establish that the underlying sentence or conviction has been invalidated on appeal or through habeas or a similar proceeding.  And because Jones's claims imply the invalidity of his confinement, they are *Heck*-barred.

The deadline for Jones to object to that recommendation was March 23, 2024, and he neither filed on objector nor moved to extend the deadline to do so.  "[N]o review is required of a

---

[1] ECF No. 7 at 1.

magistrate judge's report and recommendation unless objections are filed."[2]  Having reviewed the report and recommendation, I find good cause to adopt it, and I do.

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is ADOPTED** in its entirety, **this case is DISMISSED** for failure to state a claim, and **all pending motions [ECF No. 3, 6] are DENIED as moot.  The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 27, 2024

---

[2] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).