**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Edward Jones,

      Plaintiff

v.

Daryl Morgan, et al.,

      Defendants

Case No.: 2:23-cv-02100-JAD-MDC

**Order Denying Motion to Extend Time and Issuing Indicative Ruling under Federal Rule of Civil Procedure 62.1**

[ECF Nos. 10, 11]

Clark County Detention Center detainee Edward Jones filed this civil-rights lawsuit under 42 U.S.C. § 1983 for events surrounding his arrest, search, seizure, and ongoing state-court prosecution.[1]  The magistrate judge screened Jones's claims and found that they are barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1944), so he recommended dismissal.  Any objection to that recommendation was due by March 25, 2024, and when none was received by that date, I adopted the magistrate judge's report and recommendation and dismissed and closed this case.

But Jones had timely dispatched an objection and a request to extend his objection deadline.[2]  They just didn't reach the court until March 27th, after I dismissed this case.   Under normal circumstances, I would vacate my prior dismissal order, reopen this case, and issue a new order on the report and recommendation after considering Jones's timely objections.  But Jones has already appealed my dismissal order,[3] thus depriving me of jurisdiction to do that.

---

[1] ECF No. 1-1.

[2] ECF No. 11; ECF No. 12.

[3] ECF No. 12.

Federal Rule of Civil Procedure 62.1 allows district courts to consider a "timely motion . . . for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending" and deny the motion or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."[4]  I believe that the cleanest way to approach this quagmire is to construe Jones's objection as a motion for reconsideration of my dismissal order because I didn't consider timely objections.  And if the Ninth Circuit were to remand this case to consider such an as-construed motion, I would grant it, reopen this case, and issue a new order after considering those timely-dispatched-but-late-received objections.

At the same time, I deny Jones's motion to extend time to file objections because he did in fact file timely objections.  If the Ninth Circuit remands this case in response to my indicative ruling, I will vacate my prior order, reopen this case, and consider Jones's objections to the magistrate judge's report and recommendation.[5]

### Conclusion

IT IS HEREBY ORDERED that Jones's motion to extend time to file an objection **[ECF No. 10] is DENIED** as moot because his objections were timely filed.

IT IS FURTHER ORDERED that Jones's objection [ECF No. 11] is construed as a motion for reconsideration.  **The Clerk of Court is directed to relabel ECF No. 11 as such**. However, because the court didn't consider those objections before Jones appealed the dismissal of this case, the court lacks authority to reconsider its prior order in light of Jones's objections.

---

[4] Fed. R. Civ. P. 62.1.

[5] This order should not be construed as an indication of the merits of Jones's objections—it's just an indication that, if this case is remanded, I will take the opportunity to evaluate his objections on their merits.

The court would consider those objections if the court of appeals remands for that purpose under Federal Rule of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1. **The Clerk of Court is directed to send this order to the Ninth Circuit Clerk regarding appeal number 24-2271.**

Dated: April 19, 2024

_____
U.S. District Judge Jennifer A. Dorsey