UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Edward Jones, | Case No.: 2:23-cv-02100-JAD-MDC |
| Plaintiff | |
| v. | **Order Vacating Order Dismissing Action, Rejecting Magistrate Judge's Report and Recommendation, and Staying Case** |
| Daryl Morgan, et al., | |
| Defendants | |

Clark County Detention Center detainee Edward Jones filed this civil-rights lawsuit under 42 U.S.C. § 1983 for events surrounding his arrest, search, seizure, and ongoing state-court prosecution.[1] The magistrate judge screened Jones's claims and found that they are barred by the United States Supreme Court's decision in *Heck v. Humphrey*,[2] so he recommended dismissal.[3] Any objection to that recommendation was due by March 25, 2024, and when none was received by that date, I adopted the magistrate judge's recommendation and dismissed and closed this case.[4]

Jones's objection hit the docket two days later, and Jones appealed my dismissal order,[5] so I issued an indicative ruling informing the Ninth Circuit that, if it remanded this case, I would vacate my prior order and consider Jones's objections.[6] The Ninth Circuit has since remanded

---

[1] ECF No. 1-1.
[2] *Heck v. Humphrey*, 512 U.S. 477 (1944).
[3] ECF No. 7.
[4] ECF No. 8.
[5] ECF Nos. 11, 12.
[6] ECF No. 15.

"under Federal Rule of Appellate Procedure 12.1 to allow the court to vacate its order and judgment of March 28, 2024, and consider appellant's objections."[7] So I now vacate my prior order and review Jones's objections. Having done so, I reject the magistrate judge's recommendation to dismiss under *Heck* and instead issue a stay under *Younger v. Harris*.[8] I do so because a prerequisite to a *Heck* dismissal is a state-court conviction, which hasn't happened to Jones yet as he's still awaiting trial on the charges he mentions in his complaint. So the better fit is the Supreme Court's decision in *Younger*, which prohibits federal courts from interfering in ongoing state criminal proceedings like Jones's. So I stay this lawsuit pending the resolution of Jones's criminal prosecution.

## Discussion

When a party objects to a magistrate judge's report and recommendation on a dispositive issue, the district court must conduct a de novo review of the challenged findings and recommendations.[9] The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," "receive further evidence," or "recommit the matter to the magistrate judge with instructions."[10]

In his complaint, Jones alleges that he was "illegally arrested and detained in [his] home" by Metro officers, who then searched his home without a warrant.[11] He claims that he was "charged with open murder" after his illegal arrest and that one of the defendants later returned

---

[7] ECF No. 17 at 1.

[8] *Younger v. Harris*, 401 U.S. 37, 53–54 (1971).

[9] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2(b) (requiring a district judge to review de novo only the portions of a report and recommendation addressing a case-dispositive issue that a party objects to).

[10] 28 U.S.C. § 636(b)(1).

[11] ECF No. 1-1 at 2–3.

to his home to seize his mail without a warrant.[12] Jones asserts two search-and-seizure claims—one for the initial arrest and search, and the second for the search of his mail—and a due-process claim contending that "no procedures required by law" were followed when the defendants arrested and searched him.[13] He seeks injunctive and declaratory relief and compensatory damages.[14]

The magistrate judge recommended that all of Jones's claims be dismissed as barred by the Supreme Court's decision in *Heck*, which prohibits a plaintiff from pursuing § 1983 claims that "would necessarily imply the invalidity of his conviction or sentence" unless the plaintiff can establish that "the conviction or sentence has already been invalidated."[15] The judge reasoned that all of Jones's claims imply the invalidity of his conviction stemming from the defendants' allegedly illegal arrest and searches, and *Heck* bars the assertion of such claims unless Jones's conviction were overturned.[16]

Jones objects to those conclusions and argues that he may assert at least his due-process claim regardless of *Heck*.[17] But I don't reach the merits of that objection because I conclude on *de novo* review that *Heck* doesn't apply to this case. *Heck* bars a federal civil-rights suit only when a plaintiff has already been convicted; it does not apply to claims filed before a conviction occurs.[18] And Jones has not yet been convicted of the charges stemming from his arrest and he

---

[12] *Id.* at 4.
[13] *Id.* at 5.
[14] *Id.* at 6.
[15] *Heck*, 512 U.S. at 487.
[16] ECF No. 7.
[17] ECF No. 11.
[18] *See Heck*, 512 U.S. at 487 & n.8 (holding that a claim that "will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff" should proceed "in the absence of some other bar to the suit" and providing the example that, "if a state criminal defendant brings a

currently awaits trial as a pretrial detainee at Clark County Detention Center.[19]  So *Heck* doesn't yet bar Jones's claims.

Rather, Jones's pretrial status causes his claims to run into a different legal roadblock: the United States Supreme Court held in *Younger* that federal courts must abstain from hearing civil-rights lawsuits that invite them to interfere in criminal proceedings pending in state court.[20]  The relief that Jones seeks in this court—a finding that the arrest and searches that led to his pending state charges were unconstitutional—would directly interfere with proceedings in that state case.[21]  So this court may hear Jones's claims only if he can make a "showing of bad faith, harassment, or other extraordinary circumstance" that creates a threat of irreparable injury.[22]

---

federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings"); *see also Wallace v. Kato*, 549 U.S. 384, 393 (2007) (refusing to extend *Heck* to pre-conviction § 1983 claims, noting that, "if a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended").

[19] *See* Clark County Inmate Search, Defendant ID 8593738, https://www.clarkcountynv.gov/government/departments/detention_center/inmate_search.php; *State of Nevada v. Edward Jones, III*, Case No. C-22-363709-1 (Eighth Jud. Dist. Ct.) (jury trial scheduled for October 7, 2024, on charges of murder, residential burglary, and dissuading a witness from testifying).  I take judicial notice of the online docket records of the state district court, which may be accessed by the public online at https://www.clarkcountycourts.us/portal.

[20] *Younger*, 401 U.S. at 53–54; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (clarifying that "federal-court abstention is *required* . . . when there is a parallel, pending state criminal proceeding" (emphasis added)); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings).

[21] *See Perez v. Ledesma*, 401 U.S. 82, 84–85 (1971) (noting that "the propriety of arrests and the admissibility of evidence in state criminal proceedings are ordinarily matters to be resolved by state tribunals" and are only subject to federal-court review on appeal to the United States Supreme Court or through a federal habeas petition).

[22] *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2010); *see also Younger*, 401 U.S. at 54.

Injuries are only irreparable if the threat to a plaintiff's federally protected rights cannot be eliminated through his defense of the criminal case.[23]

Jones's case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that some aspect of their arrest, detention, or prosecution violates their constitutional rights, which makes this a regular occurrence, not an extraordinary circumstance. And motions or other developments in Jones's still-pending criminal matter may ameliorate any threat to his federally protected rights. He thus faces no extraordinary or irreparable injuries, so federal abstention is required and this case cannot proceed while Jones's state court case is pending.

Normally, when applying *Younger*, claims for injunctive and declaratory relief are dismissed without prejudice, while claims for damages are stayed pending resolution of the underlying state-court proceeding.[24] So I dismiss Jones's requests for declaratory and injunctive relief, but because he also seeks compensatory damages for each of his claims, I stay that portion of the case pending resolution of his parallel criminal proceedings.

## Conclusion

IT IS THEREFORE ORDERED that the court's prior order dismissing this case **[ECF No. 8] is VACATED**, mooting Jones's appeal in case no. 24-2271, and this case is **RE-OPENED**.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation **[ECF No. 7] is REJECTED** because Jones's claims, brought while his state-court criminal case is still pending, are not barred by *Heck v. Humphrey*, 512 U.S. 477 (1944).

---

[23] *Younger*, 401 U.S. at 46.

[24] *Gilbertson*, 381 F.3d at 979–82.

5

IT IS FURTHER ORDERED that **this court abstains from interfering in Jones's still-pending state criminal proceedings** under *Younger v. Harris*, 401 U.S. 37 (1971), and thus **DISMISSES** Jones's claims to the extent that they seek declaratory or injunctive relief declaring any arrests or searches that relate to his pending state proceedings invalid.  To the extent that Jones's complaint seeks compensatory damages for the constitutional violations he alleges, this case is **STAYED pending the resolution of Jones's state case**.  If Jones wishes to pursue his claims after his state criminal proceedings have concluded, **he may move for this court to lift the stay**.

The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE THIS CASE and SEND a copy of this order to the Clerk of Court for the United States Court of Appeals for the Ninth Circuit, re: case no. 24-2271**.

_____
U.S. District Judge Jennifer A. Dorsey
May 20, 2024